**COMMONWEALTH of Pennsylvania,
Appellee,**

**v.**

**Robert WALKER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 18, 2005.

Filed June 29, 2005.

Gary S. Server, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: ORIE MELVIN, J., BENDER, J., and BECK, J.

OPINION BY BENDER, J.:

¶ 1 This is a direct appeal from a judgment of sentence imposed against Robert Walker ("Appellant") after he was convicted in a jury trial of rape, indecent assault, and corrupting the morals of a minor. On appeal, Appellant raises a single issue, asserting that the jury's verdict was against the weight of the evidence. Appellant's brief at 6. Because we find the present appeal untimely, we quash.

¶ 2 On October 24, 2003, at the conclusion of a jury trial, Appellant was found guilty of the aforementioned crimes. On January 28, 2004, Appellant was sentenced to seven-and-one-half to fifteen years' imprisonment, to be followed by five years of probation. Trial Court Opinion, 10/28/04, at 1. The docket reflects that Appellant filed a notice of appeal from the judgment of sentence on July 6, 2004. The docket reflects no other activity between imposition of sentence and the filing of a notice of appeal.

¶ 3 In contrast to the entries on the docket, the trial court opinion asserts that the Appellant "filed" a *pro se* petition for reconsideration on February 2, 2004, and that two days later Appellant's *pro se* motion was supplemented by the filing of a counseled petition for reconsideration of sentence. Trial Court Opinion at 1. Additionally, both the trial court opinion and the Appellant's brief state that Appellant's

post-sentence motion was denied by operation of law on June 8, 2004, pursuant to Pa.R.Crim.P. 720(B)(3)(a). Appellant's brief at 5; Trial Court Opinion at 1. The certified record forwarded to this Court contains neither of the two above stated post-sentence motions or the subsequent order denying Appellant's post-sentence motion by operation of law.

¶ 4 Before we evaluate the merits of the issue that Appellant has raised, we must first determine whether Appellant's appeal had been timely filed. Pa.R.Crim.P. 720(A)(1) states that a "written post-sentence motion shall be filed no later than 10 days after imposition of sentence." If the post-sentence motion is timely filed "then the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion" or "within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion." Pa.R.Crim.P. 720(A)(2)(a,b). On the other hand, if the post-sentence motion is not timely filed, then the defendant has 30 days after the imposition of sentence to file his notice of appeal. Pa.R.Crim.P. 720(A)(3); *Commonwealth v. Bilger*, 803 A.2d 199, 202 (Pa.Super.2002). According to the case history supplied by the trial court, Appellant filed a timely post-sentence motion, which was denied by operation of law when the court failed to either grant or deny the motion within the 120 day time limit of Pa.R.Crim.P. 720. Moreover, giving effect to the case history set forth by the trial court, Appellant's appeal was filed within 30 days of the denial of his post-sentence motion.

¶ 5 Despite the case history supplied by the trial court, as an appellate court, our review is limited by the contents of the certified record. Pa. R.A.P.1921; *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258, 264 (1974) ("only the facts that appear in [the] record may be considered by a court"). *See also Ritter v. Ritter*, 359 Pa.Super. 12, 518 A.2d 319, 323 (1986) ("the appellate court can only look at the certified record on appeal when reviewing a case"). All documents in a criminal matter must be filed with the clerk of courts in order to become part of the certified record. 42 Pa.C.S. § 2756(a)(1). Additionally, Appellant has the duty to ensure that all documents essential to his case are included in the certified record. *Fiore v. Oakwood Plaza Shopping Ctr.*, 401 Pa.Super. 446, 585 A.2d 1012, 1019 (1991) ("It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal"). If a document is not in the certified record then this Court cannot take it into account.

¶ 6 In the present case, although Appellant and the trial court indicate that timely post-sentence motions were filed, these motions and the order denying them do not appear in either the certified record or on the docket. We have no way of knowing why there is such a significant discrepancy between the record and docket entries and the case history supplied to us by the court and Appellant. It is possible that Appellant's motions were handed directly to the judge or his staff but never filed with the clerk of courts. Nevertheless, since there is no evidence that the post-sentence motions and the order denying them were filed with the clerk of courts, they are not part of the certified record. It is Appellant's duty to ensure that his post-sentence motions are filed correctly and that they are contained in the certified record. In this case, Appellant did not do so and we are constrained to treat Appellant's post-sentence motions as a nullity and to analyze the present case

as if no post-sentence motions had been filed.

¶ 7 In the absence of a filed post-sentence motion, an appellant has thirty days from the imposition of sentence to appeal his judgment of sentence. Pa.R.Crim.P. 720(A)(3). In this case, Appellant had until February 27, 2004, to file his notice of appeal with this Court. Appellant did not file his notice of appeal until July 6, 2004, which is outside of the thirty day statutory period and therefore Appellant's appeal must be quashed.

¶ 8 Appeal quashed.