**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Steven RICE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 24, 2006.

Filed June 20, 2006.

Jerome M. Brown, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: BOWES, GANTMAN and KELLY, JJ.

OPINION BY BOWES, J.:

¶ 1 Steven Rice appeals from the judgment of sentence imposed after he was convicted at a bench trial of robbery, theft by unlawful taking, theft by receiving stolen property, simple assault, attempted escape, and possession of an instrument of crime. We affirm.

¶ 2 The trial court summarized the Commonwealth's evidence as follows:

This case arose out of an incident that occurred on October 31, 2003, at approximately 9:00 p.m. at 4802 Spruce Street [in Philadelphia]. Complainant, Benjamin Johnson, was an occasional helper at Accu Pizza and had just finished sweeping the street and sidewalk in front of the store. Complainant testified that he was waiting outside of the store for a sandwich when an individual, identified as [Appellant], approached him and asked him if he wanted to buy some drugs. The complainant told [Appellant] that he did not use drugs. [Appellant] then walked away and began talking with a group of girls that was standing farther down the block.

Approximately ten minutes later, [Appellant] returned with a gun and demanded money from complainant. Upon [Appellant's] return, he was wearing a black "do-rag" over the lower part of his face as well as a gray hood pulled over his head. [Appellant] pulled the gun from the waistband of his pants and pointed it at the midsection of the complainant. Complainant gave [Appellant] the dollar eighty-five ($1.85) that he had on his person.

After [Appellant] had taken the money from complainant, he returned to the area where he had been talking with the group of females. Complainant testified that he saw a police vehicle, flagged it down, and informed the police as to what had just occurred. Complainant was able to point out the perpetrator to the officers. The officers exited their vehicle and one of the officers called to [Appellant]. [Appellant] ran away. Officer Alex Montanez chased [Appellant] into an alley, approximately three blocks from where the incident occurred. [Appellant] ran into an alley at 49th and Pine Street and was ultimately tackled by an assisting officer.

Officer [Charles] Szydlik testified that when she [sic] retraced the steps taken

by [Appellant] during his flight, she [sic] was able to recover a silver handgun in the middle of the street on the 300 block of Hanson Street. Officer Montanez testified that $1.85 was recovered from the jacket of [Appellant]. Following the apprehension of [Appellant] and while still on the scene, the complainant was able to positively identify him as the perpetrator.

Officer Donald Rodgers testified that once taken to the police station at 55th and Pine Street, [Appellant] attempted to escape from the cell room. Officer Rodgers stated that as he was preparing some paperwork, he saw someone run by him to the door and start jiggling the door. Officer Rodgers was able to identify this person as [Appellant]. Officer Rodgers testified that he and another officer had to handcuff [Appellant] and take him back to the cell room area.

Trial Court Opinion, 7/8/05, at 3–4 (citations to record omitted).

¶ 3 Based on this evidence, Appellant was convicted of the aforementioned crimes at a bench trial. On November 10, 2004, he was sentenced to an aggregate term of six to twelve years imprisonment. Appellant filed a timely post-sentence motion on November 22, 2004, claiming that the verdict was contrary to the weight of the evidence.[1] The motion was denied on January 12, 2005. This appeal followed, wherein Appellant renews his challenge to the weight of the evidence.

■ ¶ 4 At the outset, we address the Commonwealth's argument that the appeal is untimely because Appellant's post-sentence motion was not entered on the trial court docket or included in the original record certified to this Court on appeal, and Appellant's notice of appeal was filed more than thirty days after sentence was imposed. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within thirty days after entry of order from which appeal is taken). In leveling this contention, the Commonwealth asserts that we cannot address Appellant's weight-of-the-evidence claim on the merits because we " 'must accept and review only those papers which have been properly filed and docketed in the trial court.' *In re D.D.*, 409 Pa.Super. 35, 597 A.2d 648, 651 (1991) .... " Commonwealth brief at 6.

¶ 5 The following facts are relevant. As noted, Appellant was sentenced on November 10, 2004. According to the docket, no activity occurred until January 12, 2005, when the trial court issued an order denying a post-sentence motion. Appellant filed a notice of appeal on February 10, 2005, and subsequently filed a Pa.R.A.P. 1925(b) statement. Thereafter, the trial court authored a memorandum opinion addressing Appellant's weight-of-the-evidence claim, which, according to the court, was raised in a timely, counseled post-sentence motion filed on November 22, 2004. *See* Trial Court Opinion, 7/8/05, at 2.

¶ 6 The original record certified to this Court did not contain a copy of the November 22, 2004 motion. However, a certified copy of the motion was later provided to us in a supplemental record, which included a supplemental trial court opinion explaining that the court reviewed the motion because it bore a time-stamp indicating that it was filed on November 22, 2004. Consequently, the court "assumed the notice of appeal ... filed on February 10, 2005, was timely." Supplemental opinion, 4/21/06, at 1.

---

1. The tenth day for filing post-sentence motions, November 20, 2004, fell on a Saturday. Thus, the actual filing deadline was Monday, November 22, 2004. *See* 1 Pa.C.S. § 1908.

¶ 7 We dealt with a similar factual scenario in *Commonwealth v. Walker*, 878 A.2d 887 (Pa.Super.2005). The defendant in *Walker* filed a direct appeal after a jury convicted him of rape and related offenses. The docket revealed that sentencing occurred on January 28, 2004, but the notice of appeal was not filed until July 6, 2004, approximately four months beyond the deadline. However, the defendant's appellate brief and the trial court's memorandum opinion both indicated that the defendant had filed a timely *pro se* post-sentence motion followed by a timely counseled post-sentence motion. The motions were purportedly denied by operation of law on June 8, 2004, which, if true, would have rendered the appeal timely.

¶ 8 In determining whether the appeal should be quashed, this Court observed that the docket bore no indication that any post-sentence motions had been filed **and** that the certified record did not contain either motion or the order denying relief by operation of law. As we could not verify that any post-sentence motions were actually filed or ascertain why they did not appear on the docket, we were forced to rely on the docket entries contained in the existing record, which indicated that the notice of appeal was untimely filed. We quashed the appeal, stating as follows:

In the present case, although Appellant and the trial court indicate that timely post-sentence motions were filed, these motions and the order denying them do not appear in either the certified record or on the docket. We have no way of knowing why there is such a significant discrepancy between the record and docket entries and the case history supplied to us by the court and Appellant. It is possible that Appellant's motions were handed directly to the judge or his staff but never filed with the clerk of courts. Nevertheless, since there is no evidence that the post-sentence motions and the order denying them were filed with the clerk of courts, they are not part of the certified record. It is Appellant's duty to ensure that his post-sentence motions are filed correctly and that they are contained in the certified record. In this case, Appellant did not do so and we are constrained to treat Appellant's post-sentence motions as a nullity and to analyze the present case as if no post-sentence motions had been filed.

*Id.* at 888–889.

¶ 9 The instant case is readily distinguishable from *Walker*. We possess a certified copy of Appellant's post-sentence motion, which is time-stamped November 22, 2004. Moreover, the discrepancy between the docket entries and the case history supplied by the trial court is clear: the time stamp indicates that Appellant's motion was erroneously filed in the active criminal motions court rather than in the office of the clerk of courts. *See* 42 Pa. C.S. § 2756(a)(1) (all motions for relief in criminal matters shall be filed or transferred to the office of the clerk of courts).[2] Finally, the trial court has acknowledged receiving the time-stamped motion, and the order denying relief was entered on the docket and included in the certified record. Thus, unlike the *Walker* Court, we can confirm that Appellant filed a timely post-sentence motion in the trial court, and as a result, the appeal is timely.[3]

---

2. Pursuant to section 2756(a)(1), Appellant's post-sentence motion should have been transferred to the clerk of courts, but that did not occur.

3. The Commonwealth's reliance on *In re D.D., supra*, is misplaced because that case involved an attempt to supplement the certified record with affidavits that were never submitted to the trial judge, which is express-

¶ 10 We now turn to Appellant's argument that the verdict was contrary to the weight of the evidence. Our standard of review is well-settled:

> ... [T]he weight of the evidence is "exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Champney*, 574 Pa. 435, 832 A.2d 403, 408 (Pa.2003). An appellate court "cannot substitute its judgment for that of the finder of fact ... thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." *Id.* Moreover, "where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence, ... rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Id.*

*Commonwealth v. Kim*, 888 A.2d 847, 851 (Pa.Super.2005).

¶ 11 In the instant case, Appellant argues that the complainant's testimony was inherently unreliable, and thus, a new trial should be awarded. In particular, Appellant complains, *inter alia*, that: (1) Mr. Johnson's credibility was suspect because he admittedly suffered from paranoid schizophrenia; (2) Mr. Johnson testified that his assailant wore a gray hooded sweatshirt while Appellant was arrested wearing a black hooded sweatshirt; (3) Mr. Johnson did not accurately describe Appellant's path of flight; (4) Mr. Johnson's description of the incident was bizarre, *i.e.*, he testified that Appellant remained in the vicinity following the robbery; (5) no mask was recovered; (6) the arresting officers did not recall seeing any women in the area, although Mr. Johnson testified that Appellant returned to the street corner and conversed with seven or eight women after the robbery; and (7) Mr. Johnson could not identify the toy gun recovered from the crime scene as the pistol that Appellant brandished during the robbery. In addition, Appellant suggests that he might have fled the scene to avoid being arrested for selling drugs near the Accu Pizza and that his flight should not have been interpreted as consciousness of guilt with regard to the charges at issue.

¶ 12 The trial court reviewed the prosecution's evidence and denied relief. Despite Mr. Johnson's mental infirmities, the court concluded that he was a credible witness and noted that his testimony was corroborated by circumstantial evidence. Specifically, the court observed that police found $1.85 on Appellant's person in the form of one one-dollar bill, two quarters, three dimes, and a nickel, which was precisely what Appellant reported to the investigating officers **before** they initially approached Appellant.[4] Likewise, Mr. Johnson told police that Appellant was armed with a pistol, and Appellant discarded a toy handgun as he ran from police. Additionally, the court credited the victim's identification of Appellant because the incident occurred in a well-lit area and reasoned that Appellant's flight indicated consciousness of guilt. Finally, the court

---

ly prohibited by the Pennsylvania Rules of Appellate Procedure. In contrast, the trial court herein received Appellant's post-sentence motion and authored an opinion addressing the arguments presented in the motion.

4. The $1.85 was recovered from Appellant's jacket pocket. *See* N.T. Trial, 9/13/04, at 52. Following his arrest, police discovered $47 in cash in Appellant's right front pants pocket. *Id.* at 116–117.

acknowledged that Mr. Johnson's assertion that Appellant remained in the vicinity after the robbery was "unusual" but refused to grant a new trial on this basis because "such conduct does occasionally occur." Trial Court Opinion, *supra* at 6.

¶ 13 Based on our review of the record, we decline to disturb the verdict. The trial court was able to view Mr. Johnson's demeanor during the nonjury trial and concluded that his testimony, coupled with circumstantial evidence, established Appellant's guilt beyond a reasonable doubt. The court's conclusions are logical and supported by evidence of record; hence, the verdict does not shock our sense of justice. Accordingly, the court did not commit a palpable abuse of discretion in rejecting Appellant's claim.

¶ 14 Judgment of sentence affirmed.