J-S04039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEORGE PALMERO | : | |
| | : | |
| Appellant | : | No. 2350 EDA 2015 |

Appeal from the Judgment of Sentence May 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009089-2013

BEFORE: SHOGAN, OTT and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 31, 2017**

Appellant George Palmero appeals *nunc pro tunc* the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on May 4, 2015, following his convictions of unlawful contact with a minor, endangering the welfare of a child, corruption of a minor, indecent assault of a person less than thirteen years of age and indecent exposure.[1] We affirm.

The trial court aptly set forth the relevant facts herein as follows:

> The following is a factual account in the light most favorable to the Commonwealth, finding the complainant's testimony credible. The complainant moved into her grandmother's house, located in Philadelphia, PA with her younger brother and mother in October, 2010. Notes of

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 6318(a)(1); 4304(a)(1); 6301(a)(1); 3126(a)(7) and 3127(a), respectively.

Testimony ("N.T."), Dec. 19, 2014, at p. 140, 143. At the time, the complainant was three and a half years old. *Id*. At 139. [Appellant] also lived in the house. *Id*. at 140. He was the grandmother's paramour. *Id*. at 139.

[Appellant] would occasionally watch the complainant and her brother at the grandmother's home when no one else was home. *Id*. at 144-145. On more than one of these occasions, [Appellant] had inappropriate sexual contact with the complainant. This contact happened in the living room and in the bedroom that the grandmother and [Appellant] shared. *Id*. at 23. On the occasions when the contact happened in the living room, the complainant would lie on her back on the sofa, and [Appellant] would stand in front of her. *Id*. at 24-25. He would then partially pull down the complainant's pants and underpants, remove his penis from his pants, touch his penis to the complainant's vagina, and begin "moving [his penis] with his hands." *Id*. at 25-27. The complainant testified that the penile-vaginal contact felt "bad" and hurt. *Id*. at 27.

[Appellant] had similar contact with the complainant in the upstairs bedroom. *Id*. at 32. The complainant would lie on her back on her grandmother's bed and [Appellant] would stand against the bed, facing the complainant. *Id*. at 33. [Appellant] would pull down the complainant's pants and underpants, as well as his own. *Id*. at 34. He put his penis against the complainant's vagina, skin to skin, and began moving his penis with his hands. *Id*. On at least one occasion, [Appellant] put a "plastic bag" on his penis. *Id*. at 35. During these incidents, [Appellant] told the complainant to keep quiet. *Id*. at 37. The complainant again testified that the contact felt "bad" and hurt. *Id*. 38. The complainant could not recall exactly when these incidents occurred. She did remember, however, that she was living in her grandmother's house and was in school. *Id*. at 39. [Appellant] was approximately between the ages of forty-six and forty-eight. N.T., Jan. 6, 2015, at p. 56.

The complainant, her brother, and mother moved out of the grandmother's house in mid-January, 2013. N.T., Dec. 19, 2014, at p. 140. In April, 2013, while her mother was bathing her, the complainant disclosed the abuse. *Id*. at 152-54. A report was subsequently filed with the Philadelphia. Department of Human Services on April 19, 2013. *Id*. at 210-11. The complainant was physically examined at the Care Clinic at the Children's Hospital of Philadelphia on April 24, 2013. Id. at 212. The examination results were normal, neither proving nor disproving the allegations of abuse. *Id*. at 213. Michelle Kline, a

forensic interviewer with the Philadelphia Children's Alliance, interviewed the complainant on May 6, 2013. *Id*. at 96. During that interview, the complainant identified [Appellant] as the perpetrator. *Id*. at 100 and 214.[10]

___

[10] The complainant's trial testimony was largely consistent with the allegations made during the May 6, 2013 interview at Children's Alliance and with the initial DHS report. The earlier accounts, however, referenced [Appellant] having 'licked" the complainant's vagina. The complainant did not testify to this at trial.

Trial Court Opinion, filed 3/22/16, at 2-4.

After a non-jury trial on December 19, 2014, the trial court convicted Appellant of the aforementioned offenses and acquitted him of rape of a child and involuntary deviate sexual intercourse with a child. The trial court deferred sentencing so that a presentence investigation, mental health evaluation and a Megan's Law assessment could be completed. Ultimately, the trial court sentenced Appellant to an aggregate term of one (1) year to two (2) years in prison followed by fourteen years of probation to be supervised by the State Sex Offender Unit. Appellant did not file a direct appeal.

On July 10, 2015, Appellant filed a counseled petition pursuant to the Post Conviction Relief Act (PCRA)[2] wherein trial counsel alleged his own ineffectiveness for failing to file a direct appeal on Appellant's behalf and requested that the trial court reinstate Appellant's right to file a direct

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.

- 3 -

appeal. Following a hearing on July 29, 2015, at which time the Commonwealth indicated it did not oppose the reinstatement of Appellant's direct appeal rights, the trial court reinstated Appellant's appeal rights by agreement. N.T. PCRA Hearing, 7/29/15, at 3. Appellant filed a notice of appeal *nunc pro tunc* on August 3, 2015.[3]

In compliance with the trial court's Pa.R.A.P. 1925(a) Order, Appellant filed a timely statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) on August 25, 2015, which reads as follows:

> **1.** That [Appellant] is entitled to an arrest of judgment as the evidence was insufficient to support the verdict which found [Appellant] guilty of unlawful contact with a minor; endangering the welfare of a child (EWC); corruption of minors; indecent exposure; indecent assault of a minor less than 13 years.
> The evidence was insufficient as to all charges. The evidence failed to sustain the elements of each and every crime and failed to sustain same and, when taken as a whole, was grossly unreliable and could lead to a verdict being based on surmise and conjecture[.]
> **2.** [Appellant] should receive a new trial on all of the above-stated charges, as the verdict is against the weight of the evidence. In this review, the Court need not grant the Commonwealth every inference but may review the evidence anew.

In his brief, Appellant presents the following issues for our review:

> **I.** Is [Appellant] entitled to an Arrest of Judgment on all charges where the evidence is insufficient to sustain the verdict?

---

[3] Trial counsel continues to represent Appellant on appeal.

**II.** Is [Appellant] entitled to a new trial on all charges where the verdict is not supported by the greater weight of the evidence?

Brief for Appellant at 3.

In reviewing Appellant's challenge to the sufficiency of the evidence, we are guided by our well-settled standard of review:

> [W]e examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

***Commonwealth v. Doughty***, ___ Pa. ____, ____, 126 A.3d 951, 958 (2015).

Recently, this Court reiterated that where an appellant challenging multiple convictions wishes to preserve a claim that the evidence was insufficient, his Pa.R.A.P. 1925(b) statement must specify the element or elements upon which the evidence had been insufficient to enable this Court to then analyze the element or elements on appeal and ultimately determined a failure to specify the allegedly unproven elements of the crimes in a Rule 1925(b) statement resulted in the waiver of the sufficiency issue. ***Commonwealth v. Roche***, 2017 WL 34931, at *8 (Pa.Super. Jan. 7, 2017). This Court further noted that waiver results notwithstanding the Commonwealth's failure to object to the defective Pa.R.A.P. 1925(b) statement and the trial court's addressing of the issue in its Rule 1925(a) opinion. We found this to be "of no moment to our analysis because we

apply Pa.R.A.P.1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim. Thus, we find 1925(b) waiver where appropriate despite the lack of objection by an appellee and despite the presence of a trial court opinion." *Id*. (citations omitted).

Herein, Appellant was convicted of five separate crimes- unlawful contact with a minor, endangering the welfare of a child, corruption of a minor, indecent assault of a person less than thirteen years of age and indecent exposure- each of which was comprised of multiple elements; however, he did not specify in his Rule 1925(b) statement the specific element or elements of any crime which he deems the evidence presented at his nonjury trial failed to establish beyond a reasonable doubt. The fact that the trial court generally discussed the sufficiency of the evidence submitted at Appellant's nonjury trial in its Rule 1925(a) Opinion and that the Commonwealth did not object to Appellant's failure to file an appropriate Pa.R.A.P. 1925(b) statement is of no moment. *See id*. *See also Commonwealth v. Williams*, 959 A.2d 1252, 1257-58 (Pa.Super. 2008) (finding waiver of sufficiency of evidence claim where the appellant failed to specify in Pa.R.A.P. 1925(b) statement the elements of any particular crime not proven by the Commonwealth); *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super. 2009) (finding sufficiency claim waived under *Williams*

for failure to specify which elements of crimes were not proven beyond a reasonable doubt).

Indeed, Appellant has failed to even mention, let alone specify, in his appellate brief the specific crimes or the specific element or elements thereof of which he had been convicted which were allegedly not met. To the contrary, Appellant avers he "is not attacking the 'elements' of the offenses; rather, it is the defense position that [Appellant] simply did not touch the child in any offensive or illegal manner whatsoever." Brief for Appellant at 10. Consequently, we conclude Appellant has waived his first issue presented herein.

Appellant next avers he is entitled to a new trial because the verdict was not supported by the weight of the evidence. In this regard, Rule 607 of the Pennsylvania Rules of Criminal Procedure entitled Challenges to the Weight of the Evidence, states:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
> (1) orally, on the record, at any time before sentencing;
> (2) by written motion at any time before sentencing; or
> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A).

Our Supreme Court has held that where the trial court reinstates one's direct appeal rights *nunc pro tunc* for trial counsel's neglecting to file a requested appeal*, the appellant is not automatically entitled to reinstatement of his or her post-sentence motion rights *nunc pro tunc* as

well. ***Commonwealth v. Liston***, 602 Pa. 10, 977 A.2d 1089 (2009). The Court further observed that:

> [its] holding should not be construed as prohibiting a PCRA court from reinstating a defendant's right to file post-sentence motions *nunc pro tunc*. If a defendant successfully pleads and proves that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel, a PCRA court is free to grant such relief. Presumably, since post-sentence motions are optional, *see* Pa.R.Crim.P. 720(B), rarely will counsel be deemed to have been ineffective for failing to file them except, for example, when the claim involves the discretionary aspects of sentence or a challenge to a verdict on weight of the evidence grounds, claims which must be raised in the trial court to be preserved for purposes of appellate review.

***Liston, supra*** at 19 n. 9, 977 A.2d at 1094 n. 9. This Court subsequently relied upon ***Liston*** in ***Commonwealth v. Fransen***, 986 A.2d 154 (Pa.Super. 2009), wherein we held that a PCRA petitioner who is granted reinstatement of his direct appeal rights *nunc pro tunc* is not entitled to a subsequent order reinstating his right to file post-sentence motions *nunc pro tunc* if he did not request such relief from the PCRA court and if the court did not hold an evidentiary hearing on that issue.

When considering Appellant's challenge to the weight of the evidence to sustain his convictions, the trial court determined he had waived this issue for his failure to properly assert and litigate it below. Trial Court Opinion, filed 3/22/16, at 10. In the alternative, the trial court stated that even if Appellant had not waived this claim, it would fail because "[i]n light of the overwhelming evidence as summarized above, the verdict is not

contrary to the evidence and does not shock one's sense of justice."  Trial Court Opinion, filed 3/22/16, at 10-11.

Initially, we note that upon our review, we cannot discern whether Appellant raised this issue orally on the record before sentencing because a transcript of the sentencing hearing was not made part of the certified record.[4]  Notwithstanding, the trial court has indicated that Appellant failed to "submit a post-sentence motion, a written motion prior to sentencing or putting [sic] an oral motion on the record."  Trial Court Opinion, filed 3/22/16, at 10.   The record does not contain a written presentence or post-sentence motion challenging the weight of evidence to sustain his convictions.  Furthermore, Appellant did not request *nunc pro tunc* relief to file a post-sentence motion in his PCRA petition, and the trial court granted Appellant's PCRA petition only with respect to his request to file a direct appeal *nunc pro tunc*.   Therefore, Pursuant to Pa.R.Crim.P. 607, Appellant has not preserved his weight of the evidence claim for purposes of appellate review, and we cannot reach the merits of this issue because it is waived.[5]

---

[4]  Appellant had the responsibility to ensure that the record forwarded to this Court contained those documents necessary to allow a complete and judicious assessment of the issues raised on appeal.  **Commonwealth v. Walker**, 878 A.2d 887, 888 (Pa.Super. 2005).

[5] Even had Appellant properly preserved his challenge to the weight of the evidence pursuant to the requirements of Rule 607, we would have found he has waived it for his failure to specify the reasons why the verdicts were contrary to the weight of the evidence in his Pa.R.A.P. 1925(b) statement. In **Commonwealth v. Freeman**, 128 A.3d 1231, 1249 (Pa.Super. 2015),

*(Footnote Continued Next Page)*

- 9 -

Judgment of sentence affirmed.[6]

Judge Ott joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017

---

*(Footnote Continued)* ————————

this Court addressed whether an assertion in a Rule 1925(b) statement that "[t]he verdict of the jury was against the weight of the evidence" was too imprecise to preserve the issue for review where the appellant had been convicted of multiple crimes. Because the appellant had failed to specify which verdict or verdicts were contrary to the weight of the evidence or to offer specific reasons as to why those verdicts were contrary to the evidence's weight, we determined that the appellant had waived review of his weight of the evidence challenge. In doing so, we reasoned the appellant's phrasing of this issue was "too vague to allow the court to identify the issues raised on appeal" and was "the functional equivalent of no Concise Statement at all." ***Id*** (citation omitted) citing ***Commonwealth v. Seibert***, 799 A.2d 54, 62 (Pa.Super. 2002) (holding appellant waived his challenge to the weight of the evidence where his 1925(b) statement asserted simply "[t]he verdict of the jury was against the weight of the credible evidence as to all of the charges").

[6] Despite the fact that the trial court disposed of Appellant's sufficiency of the evidence claim on the merits, we note that "[t]his Court is not bound by the rationale of the trial court, and we may affirm the trial court on any basis." **Commonwealth v. Williams**, 73 A.3d 609, 617 n. 4 (Pa.Super. 2013), *appeal denied*, ___ Pa. _____, 87 A.3d 320 (2014).