J-S09044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMOND LEE GROVER | : | |
| | : | |
| Appellant | : | No. 652 WDA 2022 |

Appeal from the PCRA Order Entered April 22, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0005610-1994

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:　　　　　　　**FILED:  June 2, 2023**

Damond Lee Grover ("Grover") appeals *pro se* from the April 2022 order purporting to deny his 2022 petition for writ of *coram nobis*.  We quash.

The facts of Grover's 1995 conviction are not relevant to this appeal, and we briefly note that a jury found Grover guilty of, *inter alia*, second-degree murder, and that the trial court imposed a mandatory term of life imprisonment.  This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on March 17, 1997.  **See Commonwealth v. Grover**, 683 A.2d 311 (Pa. Super. 1996) (unpublished memorandum) ("**Grover I**"), *appeal denied*, 692 A.2d 563 (Pa. 1997).  Grover thereafter sought relief pursuant to the Post Conviction Relief Act ("PCRA")[1] without success.  **See Commonwealth v. Grover**, 684 WDA 2002 (Pa.

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

Super. 2003) (unpublished judgment order) ("***Grover II***"), *appeal denied*, 247 WAL 2003 (Pa. 2004).

Relevant to the background of this appeal, Grover sought a correction of the trial court's sentencing order, which he alleged was illegal because the court sentenced him for second-degree murder but the order improperly cited 42 Pa.C.S.A. § 9715, which governs sentencing for certain ***third-degree*** murders. ***See*** 42 Pa.C.S.A. § 9715(a); ***see also*** Writ of Error *Coram Nobis*, 9/14/15, at 1-4 (unnumbered). Grover further argued that a mandatory life sentence under 18 Pa.C.S.A. § 1102(b) for second-degree murder is illegal and unconstitutional. ***See id***. at 8-14 (unnumbered). In 2015, the trial court ordered a correction to its 1995 sentencing order, but erroneously stated the "correction" intended "to reflect the proper [s]tatute, that being, 42 Pa.C.S.A. § 9711." Corrected Order of Court, 10/20/15.[2] Section 9711 applies to capital sentences for first-degree murder, not sentences for second-degree murder. ***See*** 42 Pa.C.S.A. § 9711; ***see also*** 18 Pa.C.S.A. § 1102(b).

Grover sought relief in a *pro se* second PCRA petition, and the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss that petition as untimely. Grover filed a response asserting, in relevant part, that the trial court improperly entered the corrected sentencing order without vacating the

---

[2] We note the confusing and incomplete state of the docket and record in this case. The record does not contain the 1995 sentencing order, which the trial court later sought to correct in 2015. The record also contains documents that do not correspond to a docket entry, and some of Grover's *pro se* filings do not include copies of the envelope or postage dates for his filings.

original judgment of sentence and holding a resentencing hearing. ***See*** Objections to Notice of Intention to Dismiss, 11/19/15, at 5-6. Grover also filed another motion to modify and correct his sentence, and the PCRA court issued a Rule 907 notice of its intent to dismiss that filing. The PCRA court separately dismissed Grover's second PCRA petition and his motion to modify and correct his sentence. In a consolidated appeal, this Court affirmed both orders concluding that Grover's petition and motion raised facially untimely PCRA claims, which he presented without stating a PCRA time-bar exception. ***See Commonwealth v. Grover***, 174 A.3d 65 & 66, 2017 WL 2536543 (Pa. Super. 2017) (unpublished memorandum at *3) ("***Grover III***").[3]

Grover alleges that he filed "another writ of error on March 17, 2022." Grover's Brief at 4. However, no such petition exists in the record and the docket does not contain a separate entry evidencing such a filing. The only record material and docket entry associated with a filing after 2018 is an April 22, 2022 order dismissing a petition for writ of error *coram nobis*, which the clerk of the court indicated it served on Grover's former trial counsel, not Grover. ***See*** Criminal Docket, No. 5610-1994, at 13-14. Adding to the confusion surrounding this matter, Grover then filed a notice of appeal, which he dated March 17, 2022 (*i.e.*, more than one month before entry of the April

_____

[3] While the appeal in ***Grover III*** was pending, the PCRA court received a *pro se* third PCRA petition from Grover. The docket indicates that Grover filed this third PCRA petition in 2016; however, the documents associated with this filing appear to be a duplicate copy of Grover's second PCRA petition. The PCRA court issued a Rule 907 notice in September 2018, and thereafter dismissed that petition in October 2018.

22, 2022 order) but which the clerk of the court stamped as received on May 26, 2022 (*i.e.*, more than thirty days after the entry of April 22, 2022 order) and docketed on June 2, 2022.[4]

This Court issued a rule to show cause why this appeal from the April 22, 2022 order should not be quashed as untimely. Grover responded that he mistakenly typed March 17, 2022 on his notice of appeal but prepared his appeal on May 17, 2022. **See** Response to Rule to Show Cause, 7/25/22. He further asserted that he satisfied the prisoner mailbox rule when he deposited his notice of appeal with a corrections officer on May 22, 2022, but claimed that he did not receive a cash slip form because no forms were "on the pod." **Id**.; **see Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (deeming the date a *pro se* incarcerated appellant deposits his appeal with prison authorities as the date of filing). This Court discharged the rule to show cause noting that this panel may revisit this issue.

Before addressing the merits of this appeal, we must first consider the procedural impediments to this Court's exercise of appellate jurisdiction. **See Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*)

---

[4] We add that the docket and record show that the trial court entered an order requiring Grover to file a Pa.R.A.P. 1925(b) statement on May 24, 2022, before the clerk of the court received Grover's notice of appeal, but the clerk of the court also docketed that order as being served on Grover's former trial counsel, not Grover. Although Grover did not file a Rule 1925(b) statement, we decline to find waiver on that basis due to the improper docketing notations of the order requiring him to file a Rule 1925(b) statement. **See** Pa.R.Crim.P. 114(B)(1), (C)(2)(c); **see also Commonwealth v. Hess**, 810 A.2d 1249, 1254 (Pa. 2002).

(noting that the timeliness of an appeal implicates jurisdiction and may be raised by the Court *sua sponte*).  The docket and record show that Grover's notice of appeal was facially untimely.   However, we need not consider whether Grover presented this Court with reasonably verifiable evidence to support the application of the prisoner mailbox rule,  **see Jones**, 700 A.2d at 426, because the docket and record establish a breakdown in the operation of the court.  Specifically, the docket contains no notation that Grover was served with the order he intends to appeal, and it is well settled that the time for appealing an order will not begin to run until the clerk of the court dockets the order with appropriate notations of service.  **See** Pa.R.A.P. 108(a), (d)(1); Pa.R.Crim.P. 114(C)(2)(c); **accord Frazier v. City of Philadelphia**, 735 A.2d 113, 115 (Pa. 1999).  Thus, we decline to quash this appeal due to the facial untimeliness of Grover's notice of appeal.

This does not end our jurisdictional inquiry because the docket and record lack any indication that Grover properly filed a petition giving rise to the April 22, 2022 order.  Our courts have stated that the appellant must ensure that he properly filed a petition in the lower court and the record contains the petition. **See Commonwealth v. O'Black**, 897 A.2d 1234, 1240 (Pa. Super. 2006); **Commonwealth v. Walker**, 878 A.2d 887, 888 (Pa. Super. 2005).  Documents not contained in the record do not exist for the purpose of appellate review, and this Court may consider an alleged filing that does not appear on the docket and in the record a nullity, **see Walker**, 878

A.2d at 888, or find an issue requiring consideration of the alleged filing waived, *see O'Black*, 897 A.2d at 1240.

Based on the docket and record in this matter, we are constrained to conclude that Grover failed to meet his burden of demonstrating that he properly filed a new petition in 2022 challenging the sentencing order. Therefore, any such petition either does not exist or has no legal effect. *See Walker*, 878 A.2d at 888. Moreover, we conclude that the court's April 22, 2022 order is a nullity because it addressed a non-existent or improperly filed petition. Because the alleged petition and the resulting order purporting to dismiss the petition are nullities, we quash.[5]

Appeal quashed.

---

[5] Even if we gave Grover the benefit of all doubt and addressed the merits of his issues in this appeal, we would conclude that he simply restates the claims he made in *Grover III*. Our decision in *Grover III*, which held that Grover must establish a time-bar exception to the PCRA to present his claims, is the law of the case. *See Grover III*, 2017 WL 2536543 (unpublished memorandum at *3); *Commonwealth v. Gacobano*, 65 A.3d 416, 419-20 (Pa. Super. 2013) (discussing the law of the case doctrine). As in *Grover III*, Grover makes no attempt to assert a PCRA time-bar exception. Accordingly, we would have no basis to afford Grover the relief he seeks. *See Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (stating that the PCRA's timeliness requirements are jurisdictional).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2023