J-A12025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CURTIS SMITH | : | |
| | : | |
| Appellant | : | No. 1454 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 14, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006209-2021

BEFORE:  OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 26, 2023**

Appellant Curtis Smith appeals from the judgment of sentence entered following his convictions for possession of an instrument of crime (PIC) and related offenses. On appeal, Appellant challenges the weight of the evidence and the discretionary aspects of his sentence.  After careful review, we quash.

The facts and procedural history of this case are well known to the parties.  *See* Trial Ct. Op., 7/28/22, at 2-4.  Briefly, Appellant was charged with PIC, possession of a firearm prohibited, firearms not to be carried without a license, carrying firearms in public in Philadelphia, terroristic threats, simple assault, and recklessly endangering another person[1] based on an incident that occurred on June 25, 2021.  Following a bench trial on January 5, 2022, Appellant was convicted of all charges.  On April 14, 2022, the trial court

_____

[1] 18 Pa.C.S. §§ 907(a), 6105(a)(1), 6106(a)(1), 6108, 2706(a)(1), 2701(a), and 2705, respectively.

imposed an aggregate sentence of five and one-half to eleven years' incarceration.

The trial court did not docket any additional filings by Appellant during the ten-day period following sentencing. However, the trial court issued an order on April 29, 2022, scheduling a hearing on Appellant's motion for reconsideration for May 2, 2022. At the outset of the hearing, the trial court acknowledged having received a copy of Appellant's motion for reconsideration. N.T. Hr'g, 5/2/22, at 5. The trial court was initially unable to locate a copy of the motion; apparently, however, a copy was ultimately produced for the trial court at the hearing. *Id.* Further, it is not clear on this record who produced the copy and whether the motion was filed with the clerk of courts. *Id.* Trial counsel waived Appellant's presence, then explained that he filed a motion for reconsideration of sentence at Appellant's request. *Id.* at 4-6. Specifically, trial counsel requested "a lesser sentence for [Appellant] based on information that was provided at sentencing" and argued that "the sentence was excessive in light of the facts of the case." *Id.* at 6. Ultimately, the trial court denied Appellant's motion. *Id.* at 8; *see also* Trial Ct. Order, 5/2/22.

After the trial court denied Appellant's motion, trial counsel requested leave to withdraw from Appellant's case and asked that the trial court appoint new counsel on Appellant's behalf. Trial counsel explained that although he had filed the motion for reconsideration to preserve Appellant's rights, he had not been retained for appeal. *Id.* at 8-10. After trial counsel indicated that

- 2 -

Appellant had expressed his desire to file an appeal, the trial court granted trial counsel's request and agreed to appoint new counsel on Appellant's behalf. *Id.* at 10.

Appellant subsequently filed a counseled notice of appeal on May 25, 2022. Appellant filed a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the trial court filed an opinion addressing Appellant's claims.

On July 5, 2022, this Court issued a rule to show cause as to why the instant appeal should not be quashed as untimely. Specifically, this Court noted that although Appellant was sentenced on April 14, 2022, his notice of appeal was not docketed until May 25, 2022. Appellant filed a response stating that he filed a timely notice of appeal after the trial court denied his post-sentence motion on May 2, 2022. *See* Appellant's Resp. to Rule to Show Cause, 7/10/22, at 4. This Court subsequently entered an order discharging the rule to show cause and deferring the issue to the merits panel.

Initially, we must first determine whether we have jurisdiction over this appeal. *See Commonwealth v. Horn*, 172 A.3d 1133, 1135 (Pa. Super. 2017) (stating that appellate courts may consider the issue of jurisdiction *sua sponte*). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." *Commonwealth v. Green*, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (citation omitted). "In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30

days of the imposition of the judgment of sentence in open court." Pa.R.A.P. 903(c)(3).

"[T]he time for filing an appeal can be extended beyond [thirty] days after the imposition of sentence only if the defendant files a timely post-sentence motion." ***Green***, 862 A.2d at 618; ***see also*** Pa.R.Crim.P. 720(A)(2) (stating a notice of appeal shall be filed within thirty days of the post-sentence motion being denied or withdrawn). Further, Pa.R.Crim.P. 720(A)(1) requires that **written** post-sentence motions be filed within ten days of the imposition of sentence. It is well settled that untimely post-sentence motions do not toll the thirty-day appeal period. ***See Green***, 862 A.2d at 618.[2]

_____

[2] Rule 720 of the Pennsylvania Rules of Criminal Procedure provides, in relevant part, as follows:

**(A) Timing.**

(1) Except as provided in paragraphs (C) and (D), a written post-sentence motion shall be filed no later than 10 days after imposition of sentence.

(2) If the defendant files a timely post-sentence motion, the notice of appeal shall be filed:

(a) within 30 days of the entry of the order deciding the motion;

(b) within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion; or

(c) within 30 days of the entry of the order memorializing the withdrawal in cases in which the defendant withdraws the motion.

Pa.R.Crim.P. 720(A)(1)-(2).

This Court held that "as an appellate court, our review is limited by the contents of the certified record." ***Commonwealth v. Walker***, 878 A.2d 887, 888 (Pa. Super. 2005) (citations omitted); ***see also*** Pa.R.A.P. 1921. In ***Walker***, the defendant filed a notice of appeal after his post-sentence motions were denied by operation of law. ***Walker***, 878 A.2d at 887-88. Neither the defendant's post-sentence motions, nor the order denying them, appeared on the trial court docket or in the certified record. ***Id.*** at 888. The defendant did not provide this Court with any evidence that the defendant's post-sentence motions or the order denying them were ever filed with the clerk of courts. ***Id.*** On appeal, this Court explained:

> [A]lthough [the defendant] and the trial court indicate that timely post-sentence motions were filed, these motions and the order denying them do not appear in either the certified record or on the docket. We have no way of knowing why there is such a significant discrepancy between the record and docket entries and the case history supplied to us by the court and [the defendant]. It is possible that [the defendant's] motions were handed directly to the judge or his staff but never filed with the clerk of courts. Nevertheless, since there is no evidence that the post-sentence motions and the order denying them were filed with the clerk of courts, they are not part of the certified record. It is [an a]ppellant's duty to ensure that his post-sentence motions are filed correctly and that they are contained in the certified record. In this case, [the defendant] did not do so and we are constrained to treat [the defendant's] post-sentence motions as a nullity and to analyze the present case as if no post-sentence motions had been filed.

***Id.*** at 888-89.

In the instant case, Appellant's post-sentence motion does not appear in the certified record, further, the trial court docket does not reference when

Appellant's post-sentence motion was filed. Although the trial court docket and the record reflect that the trial court denied Appellant's post-sentence motion on May 2, 2022, after the trial court held a hearing and heard argument concerning Appellant's motion to reconsider and to lessen his sentence, the record does not reflect that Appellant actually filed a timely post-sentence motion with the clerk of courts consistent with Pa.R.Crim.P. 720(A)(1). Indeed, on this record, it appears that the motion handed to the trial court and argued during the May 2 hearing was not filed with the clerk of courts. Accordingly, we are constrained to conclude that Appellant's motion is a legal nullity and analyze this case as if no post-sentence motions have been filed. *See id.* at 889.

In the absence of a timely filed post-sentence motion, Appellant had until May 16, 2022 to timely file a notice of appeal.[3] Accordingly, we quash Appellant's appeal as untimely because his notice of appeal was not filed within thirty days of the imposition of the judgment of sentence. Further, on this record, the time for filing his appeal could not be extended beyond thirty days after the imposition of sentence because there is no evidence that

_____

[3] May 14, 2022 fell on a Saturday. *See* 1 Pa.C.S. § 1908 (for computations of time, if the last day of any such period shall fall on a Saturday, Sunday, or any legal holiday, such day shall be omitted from the computation); *see also* Pa.R.A.P. 107 (stating that 1 Pa.C.S. § 1908 shall be applicable to the Rules of Appellate Procedure); *and see Commonwealth v. Fill*, 202 A.3d 133, 138 (Pa. Super. 2019) (applying 1 Pa.C.S. § 1908).

Appellant actually filed a timely post-sentence motion with the clerk of courts.[4]

***Green***, 862 A.2d at 618; ***see also*** Pa.R.Crim.P. 720(A)(2).

Appeal quashed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *7/26/2023*

---

[4] Our disposition does not prevent Appellant from pursuing post-conviction collateral challenges to his convictions.