J-S10023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDY LEE CHILCOTE | : | |
| | : | |
| Appellant | : | No. 1618 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 7, 2017,
in the Court of Common Pleas of Franklin County,
Criminal Division at No(s):  CP-28-CR-0001116-2016.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDY LEE CHILCOTE | : | |
| | : | |
| Appellant | : | No. 1619 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 26, 2017,
in the Court of Common Pleas of Franklin County,
Criminal Division at No(s):  CP-28-CR-0001147-2016.


BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 22, 2020**


Andy Lee Chilcote appeals from the judgments of sentence entered

following his convictions in these cases.  In the first case, 1618 MDA 2019,

Chilcote claims that there was insufficient evidence to sustain his conviction

for aggravated assault by prisoner.  Additionally, in that case, and in the second case, 1619 MDA 2019, Chilcote claims that his sentences were too harsh.  Upon review, we affirm the sentences in both cases.[1]

On March 31, 2016, Chilcote was arrested and charged with DUI, recklessly endangering another person (3 counts), indecent exposure, and disorderly conduct (1619 MDA 2019).[2]  Because no bail was set, Chilcote was committed to the Franklin County Jail.

On April 12, 2016, Chilcote attended court for a preliminary hearing in his DUI case and returned to the jail later that day.  Correctional Officer Alvino Donato, along with Correctional Officer Samuel LaSorsa, were called to transport Chilcote from the booking center to the Restricted Housing Unit in the jail.  Upon arriving at the RHU, the officers placed Chilcote in a shower room and directed him to undress to be fitted for a suicide smock; Chilcote refused and became irate.  Chilcote called out Donato's name twice, and then spit in Donato's face.  Although the shower door was closed at the time, the door had a screen in it.  Chilcote's spit traveled through the screen and landed on Donato's lower lip and right forearm.  Donato was standing one to two feet

---

[1] This Court consolidated these appeals because they involved the same defendant and issues.  Chilcote filed separate notices of appeal in compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).

[2] 75 Pa.C.S.A. § 3802(d)(2) and 18 Pa.C.S.A. §§ 2705, 3127(a), and 5503(a)(3).

from the door.  Chilcote was charged with aggravated assault by prisoner and harassment (1618 MDA 2019).[3]

Separate trials were held on these cases with the assault case being tried first.  On these charges, a jury convicted Chilcote on the assault charge; the trial court found him guilty of harassment.  The trial court sentenced Chilcote to 27-84 months of incarceration for the assault and 45-90 days of incarceration for the harassment.

On the earlier charges, a jury convicted Chilcote of REAP (3 counts), indecent exposure, and disorderly conduct; the trial court found him guilty of DUI.  The trial court then sentenced Chilcote to an aggregate sentence of 57-114 months of incarceration on these charges.  The sentence in this case was to run consecutively to the sentence in Chilcote's assault case, resulting in a total aggregate sentence of 85 to 201 months of incarceration.

After Chilcote filed two Post Conviction Relief Act petitions in each case, the PCRA court reinstated Chilcote's post-sentence and direct appeal rights in both cases.  Chilcote then filed a post-sentence motion in both cases, which the trial court denied.  Chilcote filed these timely appeals which are now before us.  Both the trial court and Chilcote complied with Pennsylvania Rule of Appellate Procedure 1925.

Chilcote raises the following issues on appeal:

1) In 1618 MDA 2019, the trial court erred by finding that there was sufficient evidence to support [Chilcote's] conviction for

---

[3] 18 Pa.C.S.A. §§ 2703.1 and 2709(a)(1).

> aggravated [assault by prisoner] because it was not shown that any spit that may have come out of his mouth and may have hit [] Donato was done intentionally.
>
> 2) In 1618 MDA 2019, the trial court abused its discretion in sentencing [Chilcote] to the top of the standard range for [Chilcote's] minimum at 27 months based on the evidence presented, which [Chilcote] does not believe justifies a 'top of the standard range' sentence.
>
> 3) In 1619 MDA 2019, the trial court abused its discretion in sentencing [Chilcote] when the sentence was disproportionate to [Chilcote's] conduct, as his sentenced minimums on the charges were all at the top of the standard range and run consecutive to each other and to [the sentence imposed in] 1618 MDA 2019.

Chilcote's Brief at 8-9.

Chilcote's first issue challenges the sufficiency of evidence in his assault case. When analyzing whether the evidence was sufficient to support a conviction, this Court must "view the evidence in the light most favorable to the Commonwealth as the verdict winner in order to determine whether the jury could have found every element of the crime beyond a reasonable doubt." *Commonwealth v. Thomas*, 215 A.3d 36, 40 (Pa. 2019). "The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Commonwealth v. Brown*, 52 A.3d 320, 323 (Pa. Super. 2012). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Commonwealth v. Vargas*, 108 A.3d 858, 867 (Pa. Super. 2014) (*en banc*). Additionally, this

Court cannot "re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id*. A challenge to the sufficiency of the evidence presents a pure question of law and, as such, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Jacoby***, 170 A.3d 1065, 1076 (Pa. 2017).

Chilcote argues that the evidence was insufficient to sustain his conviction for aggravated assault by prisoner. Specifically, he contends that the Commonwealth failed to show that he intentionally or knowlingly spit on Donato. Chilcote's Brief at 11-12.

The crime of aggravated harassment by prisoner is defined as follows:

> A person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth commits a felony of the third degree if he, while so confined or committed ... intentionally or knowingly causes or attempts to cause another to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting or expelling such fluid or material.

18 Pa.C.S.A. § 2703.1. "As intent is a subjective frame of mind, it is . . . difficult of direct proof. Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." ***Commonwealth v. Miller***, 172 A.3d 632, 641 (Pa. Super. 2017) (citations and quotation marks omitted).

Based upon our review of the record, we conclude that the Commonwealth presented sufficient evidence to demonstrate that Chilcote intentionally or knowingly caused or attempted to cause his spit to come into

- 5 -

contact with Donato.  The trial court aptly summarized the evidence presented which established the elements of the offense of aggravated assault by prisoner and, particularly, that Chilcote's actions were intentional or knowing:

> The Commonwealth established that [Chilcote] was an inmate at the Franklin County Jail, and that [Chilcote] was in an irate state, said Officer Donato's name twice right before spitting, [from which the jury could infer that Chilcote did so to get Donato's attention and Donato's face would be facing Chilcote when he spit], and refusing to comply with the correctional officers' directions is circumstantial evidence of [Chilcote's] intent, *i.e.*, that he intended to spit on Officer Donato or that [Chilcote] was aware it was almost certain that his spit would land on Officer Donato. Finally, Officer Donato's testimony that the spit landed on his lower lip and his arm is sufficient to prove contact with the saliva.

Trial Court Opinion, 8/2/17, at 7-8 (footnote omitted).  Chilcote angrily calling Donato's name twice to draw his attention is circumstantial evidence of Chilcote's intentions, and sufficient to show that Chilcote acted intentionally or knowingly.  He wanted Donato to look at him when he spit.

Chilcote argues that the evidence showed that he suffered from mental infirmities, which precluded him from realizing his actions.  According to Chilcote, because of his illness, he did not recall the incident, but, if he did spit on the officer, he did not mean to.

It is the province of the jury as the trier of fact to determine issues of credibility.  Furthermore, the fact finder is free to believe all, part, or none of the evidence.  ***Commonwealth v. Tate***, 401 A.2d 353, 354 (Pa. 1979). Despite Chilcote's testimony, the jury credited the Commonwealth's witnesses and evidence, which it was free to do.

- 6 -

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the Commonwealth presented sufficient evidence to sustain Chilcote's conviction for aggravated assault by prisoner. Accordingly, Chilcote's first issue entitles him to no relief.

Chilcote's second issue challenges the discretionary aspects of the sentence imposed for his aggravated assault by prisoner conviction. This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013

Here, Chilcote satisfied the first two requirements under *Colon*. As to the third element, Chilcote did not include a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Generally, "[w]here an appellant fails to comply with Pa.R.A.P 2119(f) and the Commonwealth objects, the issue is waived for purposes of review." *Commonwealth v. Montgomery*, 861 A.2d 304, 308 (Pa. Super. 2004). Because the Commonwealth did not submit a brief, and therefore did not

object, we may overlook the deficiency. "[I]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f). . . ." **Commonwealth v. Bonds**, 890 A.2d 414, 418 (Pa. Super. 2005), *appeal denied,* 906 A.2d 537 (2006). Moreover, this deficiency does not impede our ability to discern the reason for his appeal. Accordingly, we next determine whether Chilcote has raised a substantial question for our review.

An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa. Super. 2000) (en banc), *appeal denied*, 759 A.2d 920 (2000).

Chilcote first claims that his sentence was too harsh. Chilcote's Brief at 12. Specifically, he claims that it was overly harsh because, compared to other incidents involving this offense, the circumstances surrounding his offense were mild. Therefore, he claims a sentence at the high end of the standard range was not justified. *Id.* at 13-14.

"[A] bald assertion that a sentence is excessive does not itself raise a substantial question justifying this Court's review of the merits of the

underlying claim." ***Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012) *appeal denied*, 62 A.3d 378 (2013). However, Chilcote claims that the trial court failed to consider the gravity of his offense in rendering its sentence. When imposing a sentence, a trial court should "follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721. Chilcote makes a "plausible argument" the trial court failed to adhere to this sentencing requirement.

Chilcote further claims that the trial court based Chilcote's sentence on his extensive criminal history, which the prior record score already considered. Chilcote's Brief at 13. Claims that a sentencing court double-counted factors already considered in the sentencing guidelines raise a substantial question. ***See Commonwealth v. Watson***, 2020 PA Super 28 at 10 (Pa. Super. 2020).

We conclude that both of Chilcote's reasons for review raise a substantial question for our consideration. Accordingly, we will address the merits of his claim.

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which in this context, is not shown merely to be an error in judgment; rather the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for

reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Shull**, 148 A.3d 820, 832 (Pa. Super. 2016)

In reviewing Chilcote's sentencing claims in this case, we first note that the trial court had the benefit of a PSI report and considered it. Notably, a PSI report aids a court in determining the circumstances of the offense, and considers circumstances beyond the record as well. **See Commonwealth v. Martin**, 351 A.2d 650, 657 (Pa. 1976). Our Supreme Court "has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

Additionally, we note that Chilcote does not claim that the trial court departed from the sentencing guidelines and sentenced him in the aggravated range. Instead, he only claims that his sentence was at the high end of the standard range. "Where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010).

Furthermore, although it is impermissible for a court to consider factors already included within the sentencing guidelines as the **sole** reason for increasing or decreasing a sentence, the court may use information included

in the guidelines to supplement other peripheral sentencing information. *Commonwealth v. Shugars*, 895 A.2d 162, 171 (Pa. Super. 2006). From our review of the record, it is clear that the trial court considered Chilcote's criminal history in relation to other relevant sentencing factors, such as his claim that his mental state affected his behavior as well as the impact and cost that his behavior has had on the community. Moreover, the court specifically noted that, based upon Chilcote's presentence report, it could incarcerate him for the maximum time allowed under the law. However, the trial court imposed a lesser sentence than permitted.

For these reasons, we conclude that the trial court did not abuse its discretion when it sentenced Chilcote.

Chilcote's third issue challenges the discretionary aspects of his sentence on his DUI and related convictions. The trial court claims, however, that this issue is waived because Chilcote never had the sentencing transcript prepared on those convictions. Trial Court Opinion, 10/31/19, at 2. We agree.

We have stated:

The fundamental tool for appellate review is the official record of the events that occurred in the trial court. To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court. The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue. In this regard, our law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by

- 11 -

including copies of the missing documents in a brief or in the reproduced record. . . . Simply put, if a document is not in the certified record, the Superior Court may not consider it.

*Commonwealth v. Preston*, 904 A.2d 1, 6-7 (Pa. Super. 2006) (citations omitted). "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Id.* at 7; *see also* Pa.R.A.P. 1911(d) (stating that "[i]f the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."). Thus, the failure by an appellant to ensure that the original record for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issues sought to be examined. *Id.*

Here, the trial court noted:

[t]his court directed [Chilcote] to submit a transcript request form to the court administrator to insure preparation of the necessary transcript. As of the writing of this opinion, no transcript request form related to sentencing has been submitted to our court administrator.

Further, this court specifically noted that the transcript of sentencing had not been prepared in this case in our Opinion denying [Chilcote's] post-sentence motion. It is clear [Chilcote] is, and has been aware that the record is not complete to adequately review his claim.

Trial Court Opinion, 10/31/19, at 2 (citations omitted). The trial court also noted that Chilcote's notice of appeal did not contain a request for the transcript. *Id.* at 2.

Our review of the original record in this case confirms that Chilcote did not ensure that the sentencing transcript was transcribed and included in the certified record. Although Chilcote provided a copy of the transcript in his reproduced record, because it was not part of the certified record, the Superior Court may not consider it. **Preston**, 904 A.2d at 7 (citing **Commonwealth v. Walker**, 878 A.2d 887, 888 (Pa. Super. 2005)). His sentencing claim on case number 1619 MDA 2019 is therefore waived, and we are precluded from considering it.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/22/2020

- 13 -