J-A06030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROMAN ELLIS | : | |
| | : | |
| Appellant | : | No. 344 WDA 2023 |

Appeal from the PCRA Order Entered February 14, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007677-1994

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:      **FILED: October 9, 2025**

Roman Ellis appeals from the order entered in the Allegheny County Court of Common Pleas on February 14, 2023, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, as untimely. For the reasons discussed below, we find the PCRA court properly denied Ellis relief and affirm.

In 1994, Ellis was charged at docket CP-02-CR-0006360-1994 with one count of homicide, and at docket CP-02-CR-0007677-1994 with burglary, robbery, aggravated assault, unlawful restraint, terroristic threats, and firearms not to be carried without a license. The court later granted a defense request for judgment of acquittal on the terroristic threats charge.

In April 1995, following a jury trial, Ellis was found guilty of second-degree murder at docket CP-02-CR-0006360-1994, and all remaining charges at docket CP-02-CR-0007677-1994.

On June 22, 1995, the trial court sentenced Ellis to a mandatory life sentence without parole for the murder conviction, and a consecutive five to ten years' incarceration for the aggravated assault conviction. The court imposed no further penalty on the remaining convictions. This Court affirmed the judgment of sentence on direct appeal. *See Commonwealth v. Ellis*, 700 A.2d 948 (Pa. Super. 1997). The Supreme Court of Pennsylvania denied allowance of appeal on August 5, 1998.

On August 31, 1998, Ellis filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended petition. The PCRA court subsequently dismissed the petition. This Court affirmed the dismissal on appeal. *See Commonwealth v. Ellis*, 748 A.2d 768 (Pa. Super. 1999). The Supreme Court of Pennsylvania denied allowance of appeal on August 23, 2000.

In August 2022, Ellis filed a request for a copy of his criminal docket sheet with the clerk of courts. In the request, Ellis referenced a writ of *audita querela*[1] that he alleged to have sent to the court on July 8, 2022. This writ

---

[1]*Audita querela* is defined as "[a] writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." BLACK'S LAW DICTIONARY 150 (9th ed. 2009).*Audita querela* is Latin for "the complaint having been heard". This writ "permits a defendant who has had a judgment rendered against him to seek relief from the consequences of such a judgment where there is some new

*(Footnote Continued Next Page)*

does not appear in the certified record, nor does such a filing appear on the docket. However, on December 1, 2022, the Commonwealth filed an "Answer to Writ of Audita Querela", apparently at the direction of the trial court. In its answer, the Commonwealth argued the writ should be construed as a PCRA petition. Accordingly, the Commonwealth argued the petition is untimely and Ellis failed to plead and prove an exception to the PCRA time-bar. Further, the Commonwealth found that the claims asserted were waived and/or previously litigated. Ellis thereafter filed a motion to strike the Commonwealth's Answer.

The PCRA court, concluding Ellis's claims may be remedied via the PCRA, correctly treated the writ as a PCRA petition[2] subject to the PCRA's timeliness provisions. **See Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("[T]he PCRA provides the sole means for obtaining collateral review, and … any petition filed after the judgment of sentence becomes final

---

evidence not previously available and carrying out the judgment would be contrary to justice." **Ettelman v. Com., Dept. of Transp., Bureau of Driver Licensing**, 92 A.3d 1259, 1263 (Pa. Cmwlth. Ct. 2014).

> While it appears that the writ of *audita querela* has not been abolished in the Commonwealth, our Supreme Court has held that [w]herever audita querela would have been available at common law, as a general rule, relief may now be obtained on motion, ... [and] ordinarily the better practice is to proceed by way of motion upon notice to the adverse party.

**Id.**(citation and internal quotation marks omitted).

[2] Ellis does not challenge the treatment of his writ as a PCRA petition.

will be treated as a PCRA petition") (citation omitted). On that basis, the PCRA court determined that Ellis's petition was untimely, and that he had not pled an exception to the time bar. Further, the court agreed that Ellis's claims were waived and/or previously litigated. As such, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, essentially mirroring the reasons set forth in the Commonwealth's Answer. On February 14, 2023, the PCRA court denied the petition and Ellis's motion to strike the Commonwealth's Answer. This timely appeal followed.[3]

On April 5, 2024, we filed a memorandum decision which affirmed the PCRA Court's dismissal of the petition, i.e., the writ of *audita querela.* On May 6, 2024, Ellis filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania. The Supreme Court remanded the matter to us by way of a Per Curiam Order dated July 8, 2025, as follows:

_____

[3] Ellis's notice of appeal was not docketed until March 21, 2023, past the requisite 30-day appeal period. Nevertheless, pursuant to the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. **See** Pa.R.A.P. 121(a); **Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006). However, to avail oneself of the mailbox rule, a prisoner must supply sufficient proof of the date of the mailing. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (accepting any reasonable verifiable evidence of the date a prisoner places his filing in the control of prison authorities); **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002).

Here, Ellis hand-dated the *pro se* notice of appeal on March 13, 2023. Accordingly, we conclude Ellis has provided sufficient proof that he filed a timely notice of appeal under the "prisoner mailbox rule".

AND NOW, this 8th day of July, 2025, we GRANT the Petition for Allowance of Appeal, in part, LIMITED TO Petitioner's first issue, VACATE the Superior Court's decision to the extent that it affirmed the PCRA court's dismissal of Petitioner's after-discovered evidence claim relative to the impartiality of the jury as untimely filed under Section 9545(b)(1)(ii) of the Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9545(b)(1)(ii) (providing exception to PCRA's one-year jurisdictional time-bar when petitioner pleads and proves that "facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"), and REMAND the matter to the Superior Court to consider the timeliness of Petitioner's PCRA petition under the appropriate standard —i.e., by applying the standard relative to the newly discovered facts exception to the PCRA's jurisdiction time-bar rather than the after-discovered evidence standard. *See* 42 Pa. C.S. § 9543(a)(2)(vi) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the conviction or sentence resulted from . . . [t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced."). Allocatur is DENIED as to all remaining issues.

Order, 186 WAL 2024 (Pa. filed July 8, 2025).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose

- 5 -

would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted). Of course, for a petitioner to demonstrate eligibility for relief under the PCRA, the petitioner bears the burden of proof by the preponderance of the evidence. ***Commonwealth v. Micheals***, 335 A.3d 13, 20 (Pa. Super. 2025).

As a preliminary matter, based on the Supreme Court's remand, we consider the difference between the substantive ground for PCRA relief, after discovered evidence, found in 42 Pa.C.S.A. § 9543(a)(2)(vi), and the timeliness exception, newly discovered facts, in 42 Pa.C.S.A. § 9545(b)(1)(ii). While both concepts involve discovering new information after a conviction, they serve distinct purposes within the PCRA relief framework.

Eligibility for relief under the PCRA is specified in 42 Pa.C.S.A. § 9543, which provides, in pertinent part:

**(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime;

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence; or

(iv) has completed a sentence of imprisonment, probation or parole for the crime and is seeking relief based upon DNA evidence obtained under section 9543.1(d) (relating to postconviction DNA testing).

(2) That the conviction or sentence resulted from one or more of the following:
. . .
(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

42 Pa.C.S.A. § 9543(a)(1), (2)(vi). In other words, an after-discovered evidence claim is a **substantive** ground for relief that must be raised in a timely PCRA petition, unless a timeliness exception applies.

Conversely, a newly discovered fact under 42 Pa.C.S.A. § 9545(b)(1)(ii) is a **timeliness exception** to the jurisdictional requirement that a PCRA petition be filed within one year of the date the petitioner's judgment becomes final. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013); 42 Pa.C.S.A. § 9545(b)(1)(ii). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered

- 7 -

evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii)*.* Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi).

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (some internal quotation marks and citations omitted). Utilizing the standard as directed by the Pennsylvania Supreme Court, we proceed to apply the standard relevant to the newly discovered facts exception to the PCRA's jurisdiction time bar, under 42 Pa.C.S.A. § 9545(b)(1)(ii). Due to our disposition, to the degree that Ellis raised a substantive after-discovered evidence claim, we would not be able to reach the merits of such a claim, as we lack jurisdiction over his untimely petition/writ.

Ellis's judgment of sentence became final in November 1998. The instant petition, filed over two decades later, is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Ellis's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "Exceptions to the time-bar must be pled in the PCRA petition, and may not be raised for the first time on appeal. "*Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) (citations omitted); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Further:

[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, we cannot find that Ellis has met his burden to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. Importantly, the writ/petition does not even appear in the certified

record. [4] Accordingly, we cannot confirm what issues were raised in the petition itself.

Even if we are to give him the benefit of the doubt and assume Ellis raises the same issues in his appellate brief, only the third issue could be construed as an attempt to raise an exception to the time-bar. Ellis asserts, as a newly discovered fact, his discovery that his girlfriend at the time of his trial was allegedly also in a relationship with one of the jurors from Ellis's trial. Ellis asserts this fact is shown by an affidavit signed by his ex-girlfriend.

We note that the affidavit also does not appear in the certified record. Upon review of the record, it is clear that Ellis did not submit the affidavit with his petition. Rather, Ellis submits the affidavit for the first time as an attachment to his appellate brief. As such, the affidavit was never presented to the PCRA court. Accordingly, we cannot consider the affidavit in determining whether or not Ellis met an exception to the PCRA time-bar. ***See Burton***, 936 A.2d at 525; ***see also*** Pa.R.A.P. 302(a).[5]

_____

[4] "Appellant has the duty to ensure that all documents essential to his case are included in the certified record." ***Commonwealth v. Walker***, 878 A.2d 887, 888 (Pa. Super. 2005). "[I]t has repeatedly been held by our courts that the burden to produce a complete record for appellate review rests **solely** with the appellant." ***Commonwealth v. Chopak,*** 615 A.2d 696, 701, n. 5 (Pa. 1992) (emphasis in original; citations omitted).

[5] Despite the above, in an abundance of caution, we reviewed the certified record to see if it corroborates the alleged affidavit attached to Ellis's brief. Griffey was not able to capably identify the alleged juror whom she allegedly dated at the time of trial. She provided the name "Tod" but stated that she did not remember his full name. Although Ellis ran some names by her

*(Footnote Continued Next Page)*

Section 9545(b)(1)(ii) "requires [a] petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due diligence." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation and brackets omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted). Further, the "fact" on which the petitioner predicates his claim to an exception to the time-bar must bear some logical connection to a plausible claim for relief. ***See Commonwealth v. Robinson***, 185 A.3d 1055, 1062 (Pa. Super. 2018) (*en banc*).

In any event, an affidavit itself is not a new fact. ***See Commonwealth v. Maxwell***, 232 A.3d 739, 745 (Pa. Super. 2020). Here, the actual "fact" for purposes of Section 9545(b)(1)(ii) is that one of the jurors from Ellis's trial was in a relationship with Ellis's girlfriend at the time of the trial. ***See***

_____

(presumably the names of the male jurors), she was not able to identify any of them. The affidavit continues with the statement that she would get back to him with the full name, however, no supplemental affidavit is attached. The official certified record from the trial court, on page 63, does not indicate anyone named "Tod" as a member of the jury.

- 11 -

***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (holding that an affidavit alleging perjury does not satisfy the requirements of the newly discovered fact exception "because the only 'new' aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim.").

The only citation we have from the writ itself is in the Commonwealth's answer to the writ, in which the Commonwealth summarizes Ellis's claim as follows:

> Here, [Ellis] asserts, without further explanation, that he meets the exception to the PCRA's time bar delineated in § 9545(b)(1)(ii). [Ellis] claims he "spoke with a guy in the prison yard at SCI Benner[] who told him that he heard that [Ellis's] Ex-Girlfriend was in a relationship with one of the jurors." (Writ of Audita Querela at 5). [Ellis] stated he then called his son to obtain a phone number for Rochelle Griffey, his ex-girlfriend and his son's mother. *Id*. Approximately two months passed before [Ellis] contacted Ms. Griffey, who purportedly confirmed she was in a relationship with the unnamed juror. *Id*. Petitioner asserts he was unaware of this relationship until September 23, 2021. *Id*.

Commonwealth's Answer to Writ of Audita Querela, 12/1/22, at 12.

We cannot find any logical connection between Griffey's alleged confirmation that she was in a relationship with an unnamed juror and any plausible claim for relief.

On appeal, Ellis insinuates the unnamed juror was biased or tainted. ***See*** Appellant's Brief, at 13-14. However, Ellis failed to provide any substance to his allegation. Ellis has not asserted when the "relationship" began, or how long it lasted. Ellis cannot even verify which juror Griffey is alleged to have

had a relationship with at the relevant times. Nor is it clear what this alleged "relationship" entailed. Most importantly, Ellis has not asserted that the juror even knew about Griffey's connection to Ellis. While Ellis states that another prisoner told him about the relationship between Griffey and a juror, it is not clear how this prisoner had that information, and why Ellis could not have learned of this information in the more than two decades that passed since the trial.

Therefore, Ellis has failed to plead and prove the newly-discovered fact exception to the PCRA's timeliness requirement. **_See id_**. Accordingly, the PCRA court did not err when it dismissed Ellis's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/9/2025